UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRANDON O'NEIL,<br><br>                Plaintiff,<br><br>   v.<br><br>WASHINGTON DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>                Defendants. | Case No. C22-5402-JCC-SKV<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court at the present time on Plaintiff's motion for appointment of counsel. Dkt. 33. Defendant Darrin Patterson has filed a response opposing Plaintiff's motion. *See* Dkts. 38, 39. Defendants Steven DePoister and Isiah Garrison have filed a response in which they indicate they do not concede Plaintiff's motion has merit, but otherwise take no position on the motion. Dkt. 40. The remaining fourteen Defendants, most of whom are employees of the Pierce County Sheriff's Office, have not weighed in on Plaintiff's request for counsel.

The Court, having now reviewed Plaintiff's motion, Defendants' responses thereto, and the balance of the record, hereby finds and ORDERS as follows:

ORDER DENYING PLAINTIFF'S MOTION
FOR APPOINTMENT OF COUNSEL - 1

(1) Plaintiff's motion for appointment of counsel (Dkt. 33) is DENIED. There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff argues in support of his motion for appointment of counsel that he is unable to afford counsel, that the facility where he is confined does not have a law library where he is able to properly investigate and present his case, and that the case will be complex given the number of Defendants named and the number of papers likely to be filed in this action. Dkt. 33 at 2-3.

Being unable to afford counsel is not an exceptional circumstance sufficient to warrant the appointment of counsel. In addition, the record refutes Plaintiff's assertion that the facility where he is currently confined, the Washington State Penitentiary ("WSP"), does not have a law library. Defendant Patterson has submitted in support of his response to Plaintiff's motion evidence demonstrating that the WSP has a law library inmates can access to conduct legal research, and that the library is even staffed by trained offender law clerks who are available to assist with such research. Dkt. 39, Ex. 1 at 2.

The record also belies Plaintiff's assertion that this action is too complex for him to litigate without assistance. Though Plaintiff has named a large number of Defendants, he presents relatively straightforward claims that Defendants unlawfully entered and searched his

residence, and falsely arrested and imprisoned him, all of which occurred during a single encounter on June 18, 2019.  *See* Dkt. 15.  Thus, Plaintiff's claims are relatively limited in time and scope, and he has demonstrated ample ability to articulate the legal and factual bases of his claims without the assistance of counsel.

Finally, while the allegations in Plaintiff's second amended complaint were sufficient to demonstrate that this case should proceed beyond the pleading stage, the record is not yet sufficiently developed for the Court to draw any conclusions regarding whether Plaintiff is likely to succeed on the merits of his claims.  Based on the information available to the Court at this juncture, the Court must conclude that Plaintiff has not demonstrated that his case involves exceptional circumstances which warrant the appointment of counsel.  Plaintiff's motion for appointment of counsel is therefore denied.

(2)   The Clerk is directed to send copies of this Order to Plaintiff, to all counsel of record, and to the Honorable John C. Coughenour.

DATED this 24th day of January, 2023.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION
FOR APPOINTMENT OF COUNSEL - 3