UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRANDON JAMES O'NEIL,<br><br>                      Plaintiff,<br><br>    v.<br><br>STEVEN DePOISTER, *et al.*,<br><br>                      Defendants. | Case No. C22-5402-JCC-SKV<br><br>ORDER GRANTING PLAINTIFF'S MOTIONS TO DISMISS DEFENDANTS AND TO EXTEND THE PRETRIAL DEADLINES |

This is a civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff has submitted to the Court for consideration motions to amend his complaint and to extend the discovery deadline previously established in this action. *See* Dkts. 57, 59. Only Defendants Steven DePoister and Isaiah Garrison have filed responses to Plaintiff's motions and they, for the most part, do not oppose Plaintiff's requests for relief. *See* Dkts. 60, 61. The Court construes the silence of the remaining Defendants on the issues presented by Plaintiff as admissions that Plaintiff's motions have merit. *See* Local Civil Rule ("LCR") 7(b)(2). The Court addresses each of Plaintiff's motions below.

    Plaintiff, by way of his motion to amend, seeks to dismiss from this action eleven of the Defendants named in his second amended complaint. *See* Dkts. 57, 57-1. Specifically, Plaintiff

ORDER GRANTING PLAINTIFF'S MOTIONS
TO DISMISS DEFENDANTS AND TO
EXTEND THE PRETRIAL DEADLINES - 1

seeks to dismiss Defendants Jerry Sword, Derick Nielson, Phillip Wylie, Kenneth Silbrack, Darrin Rayner, Michael Hoffman, Shawn Butler, Theron Hardesty, Ralph Schneider, Stephen Hillyard, and Elizabeth Riegle. *See* Dkt. 57-1. Plaintiff explains that he is seeking dismissal of these individuals because he lacks information to prove that any of these individuals deprived him of any rights. *Id*. at 4. He further indicates that his allegations remain the same with respect to the remaining Defendants: Steven DePoister, Darrin Patterson, Isaiah Garrison, Jeff Gudaitis and Mark Rickerson. *See id*.

Defendants DePoister and Garrison assert in their response to Plaintiff's motion to amend that because Plaintiff seeks only to dismiss the Defendants referenced in his motion, the motion is more appropriately construed as one for voluntary dismissal of those specific Defendants rather than as a motion to amend the complaint. Dkt. 60 at 1. So construed, Defendants DePoister and Garrison indicate they have no objection to dismissal of the named Defendants. *Id*. at 1-2. Defendants DePoister and Garrison indicate that if the Court intends to treat Plaintiff's motion as one to amend his complaint, they object to the motion as Plaintiff has not provided a copy of a proposed amended complaint. *Id*. at 2. As noted above, none of the other Defendants named in Plaintiff's second amended complaint have interposed any objection to dismissal of the listed Defendants.

Because Plaintiff has not submitted with his motion to amend a proposed amended complaint, as required by LCR 15, and because Plaintiff indicates that he seeks only to dismiss Defendants from his complaint, the Court construes Plaintiff's motion as one for voluntary dismissal of the specified Defendants and concludes that dismissal of those Defendants is appropriate.

ORDER GRANTING PLAINTIFF'S MOTIONS
TO DISMISS DEFENDANTS AND TO
EXTEND THE PRETRIAL DEADLINES - 2

Plaintiff, in his motion for extension of time, requests that the discovery deadline be extended for thirty days. Dkt. 59. Plaintiff indicates that "inconsistencies" with the Department of Corrections legal liaison office at his facility, and "discussions with opposing counsel regarding form of admissions," necessitate a brief extension of the deadline so that discovery can be finalized in this matter. *Id*. Defendants DePoister and Garrison indicate that they have no objection to Plaintiff's request to extend the discovery deadline. Dkt. 61. These Defendants do, however, request that if the discovery deadline is extended, the deadline for filing dispositive motions be similarly extended. *See id*.

Though Plaintiff's motion is somewhat vague, given the absence of any objection from Defendants, the Court is willing to grant the brief extension requested by Plaintiff. The Court does, however, deem it necessary to clarify Plaintiff's apparent misperception regarding the use of discovery in this proceeding. While it appears from Plaintiff's motion that he requires more time to collect necessary discovery, he also indicates that he needs more time to file discovery materials. *See* Dkt. 59. The Court observes that Plaintiff has, in fact, already filed some of his discovery requests with the Court (*see* Dkts. 53, 54, 55, 58), as well as his responses to discovery propounded by the Pierce County Defendants (*see* Dkt. 62). These submissions are inappropriate.

Pursuant to Rule 5(d)(1) of the Federal Rules of Civil Procedure, discovery requests and responses thereto, are not to be filed with the Court until they are to be used in the proceeding or until the Court orders that they be filed. Plaintiff's purpose in submitting these discovery materials to the Court is not clear, but it does not appear that Plaintiff is seeking to use them in these proceedings at this juncture and the Court has not ordered that they be filed. Accordingly, the materials will be stricken from the record and returned to Plaintiff. Plaintiff is instructed not

ORDER GRANTING PLAINTIFF'S MOTIONS
TO DISMISS DEFENDANTS AND TO
EXTEND THE PRETRIAL DEADLINES - 3

to file any future discovery materials with the Court unless he intends to use them for some specific purpose or unless the Court directs that they be filed.

Based on the foregoing, the Court hereby ORDERS as follows:

(1) Plaintiff's motion to dismiss Defendants (Dkt. 57) is GRANTED, and Defendants Jerry Sword, Derick Nielson, Phillip Wylie, Kenneth Silbrack, Darrin Rayner, Michael Hoffman, Shawn Butler, Theron Hardesty, Ralph Schneider, Stephen Hillyard, and Elizabeth Riegle are DISMISSED from this action.

(2) Plaintiff's motion to extend pretrial deadlines (Dkt. 59) is GRANTED. The discovery deadline is extended from May 26, 2023, to *June 26, 2023*, and the dispositve motion filing deadline is extended from June 26, 2023, to *July 26, 2023*.

(3) The Clerk shall STRIKE Plaintiff's discovery requests and responses (Dkts. 53, 54, 55, 58), and return those documents to Plaintiff. The Clerk shall also immediately return to Plaintiff any subsequently filed discovery materials.

(4) The Clerk is directed to send copies of this Order to Plaintiff, to all counsel of record, and to the Honorable John C. Coughenour.

DATED this 22nd day of May, 2023.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER GRANTING PLAINTIFF'S MOTIONS
TO DISMISS DEFENDANTS AND TO
EXTEND THE PRETRIAL DEADLINES - 4